UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 17-22716-CIV-WILLIAMS

ISLAND HOLIDAY, LLC,

    Plaintiff,

vs.

BAYSHORE TOWERS DEVELOPMENT
CORPORATION,

    Defendant.
_____/

## ORDER

**THIS MATTER** is before the Court on a *sua sponte* review of the record. On July 20, 2017, Defendant/Counter-Plaintiff Bayshore Towers Development Corporation, and Counter-Defendant/Cross-Defendant/Cross Plaintiff Paradise Island Development Corporation, filed a Notice of Removal removing Miami-Dade Circuit Court Case No. 09-46794-CA-09[1] to this Court. As to federal subject matter jurisdiction, the Notice of Removal alleges that on July 10, 2017, Plaintiff Island Holiday, LLC filed an Answer, Affirmative Defenses and Counterclaim seeking "relief raising Federal Question Jurisdiction pursuant to 15 U.S.C. § 1, 42 U.S.C. § 1983 and 42 U.S.C. § 1985." (DE 1).

Federal courts have limited jurisdictional reach and are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *See Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citing, among others, *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir.1985) (per curiam); *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir.1981) (per

---

[1] The case involves counterclaims, crossclaims, and third-party claims not reflected in the caption here. *See* (DE 1).

curiam) (holding that courts must constantly examine the basis of their jurisdiction before proceeding to the merits); *see also* Fed. R. Civ. P. 12(h)(3). This obligation to inquire into the basis of the Court's jurisdiction applies equally to cases that are removed from state court. *Univ. of S. Alabama,* 168 F.3d at 410. If, at any point before a final judgment is issued, the Court determines that it lacks subject matter jurisdiction over a case that has been removed, it is required to remand the case to state court for further proceedings. 28 U.S.C. § 1447(c).

Island Holiday's July 10, 2017 pleading, which purportedly creates federal question jurisdiction in this case, is attached to the Notice of Removal. (DE 1-1). That pleading does not raise any federal claims or issues. (*Id.*). It includes two claims under Fla. Stat. § 726.105 for avoidance of a fraudulent transfer, and one claim for constructive trust and accounting. (*Id.*). Indeed, none of the pleadings filed in this case—which has been pending in state court since 2009 and involves purely state law claims—have anything to do with federal law. (*Id.*). In sum, this case is not removable to federal court.

In light of the foregoing, and after a review of the record and Notice of Removal, the Court finds that it lacks jurisdiction over this case. Accordingly, pursuant to 28 U.S.C. § 1447(c) and Federal Rule of Civil Procedure 12(h)(3), it is **ORDERED AND ADJUDGED** that this action is **REMANDED** to Florida state court. All pending deadlines are **CANCELED**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in chambers in Miami, Florida, this 26th day of July, 2017.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE